UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN,

              Plaintiff,             CIVIL ACTION NO. 10-13286

            v.                 DISTRICT JUDGE BERNARD A. FRIEDMAN

FEDERAL HOME LOAN           MAGISTRATE JUDGE MARK A. RANDON
MORTGAGE CORPORATION,

              Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (DKT. NO. 12) AND DENY LEAVE TO AMEND**

**I.  BACKGROUND**

This a consumer lending action.  Proceeding *pro se*, Plaintiff, the Personal Representative

of the Estate of Frank J. Mitan ("Mitan"), challenges the foreclosure by advertisement of Mitan's

home in Farmington Hills, Michigan ("the Property").  The foreclosure was conducted by a non-

party, Wells Fargo Home Mortgage ("Wells Fargo"), an assignee of Mitan's original mortgage.  On

February 2, 2010, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased

the Property at a Sheriff's sale; the redemption period expired six months later, on August 2, 2010.

Inexplicably, Plaintiff waited more than five months post-sale – and just two weeks before the

expiration of the redemption period – to institute this suit, against the purchaser, Freddie Mac, only.

At no time did Plaintiff seek to stay the Sheriff's sale or to redeem the property.

- 1 -

This matter comes before the Court on Freddie Mac's motion for summary judgment (Dkt. 12). Freddie Mac seeks dismissal of Plaintiff's case primarily on the ground that, following the expiration of the redemption period, Plaintiff lacked standing to bring claims related to the Property and its foreclosure. Plaintiff has filed a response to the motion arguing that he has standing because this is a quiet title action where he alleges the foreclosure was void *ab initio*, thus "there never was a redemption period" (Dkt. 13, p. 5). Alternatively, Plaintiff now seeks leave to amend his Complaint to add Wells Fargo as a defendant. Since the undersigned finds that Plaintiff lacks standing to bring a challenge to the foreclosure of the Property against either Freddie Mac or Wells Fargo, **IT IS RECOMMENDED** that Freddie Mac's motion be **GRANTED**, leave to amend to add Wells Fargo be **DENIED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3rd Cir. 2006). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." *Id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of proof at trial, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If

the moving party can make such a showing, then the burden shifts to the nonmoving party to present evidence that a genuine fact issue exists and a trial is necessary. *Id.* at 324. In meeting its burden, the non-moving party must offer specific facts that establish a material dispute, not simply create "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In deciding whether an issue of material fact exists, the Court must consider all facts and their reasonable inferences in the light most favorable to the non-moving party. The Court's function, however, is not to weigh the evidence and rule on the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there are no issues that require a trial, then judgment as a matter of law is appropriate. *Id.* at 251-52.

**B.  Plaintiff Lacks Standing to Sue**

Plaintiff's claims fail because – once the redemption period following foreclosure of a property has expired – the former owner's rights in and title to the property are extinguished. At that point, the former owner loses standing to assert claims with respect to the property. Indeed, in *Piotrowski v. State Land Office Board*, 302 Mich. 179 (1942), the  Michigan Supreme Court held that the mortgagors:  (1) had "lost all their right, title, and interest in and to the property at the expiration of their right of redemption;" and (2) could not assert the right of parties "having an interest in the land" to meet the highest bid at the scavenger sale. *Id.* at 185. The standard under *Piotrowski* has been applied by Michigan courts, and by federal courts applying Michigan law, to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D. Mich. Feb. 24, 2011); *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342 (Mich. App. May 28, 2009)

(dismissing former owner's claim of fraud where redemption period expired one month after litigation was initiated); *see also, e.g., Moriarty v. BNC Mortg., Inc.*, 2010 WL 5173830 (E.D. Mich. Dec.15, 2010) (dismissing action for declaratory judgment voiding foreclosure proceedings).  Thus, Plaintiff does not have standing to bring the claims asserted in this suit.      Plaintiff, however, asserts that he has standing because Wells Fargo – who until now Plaintiff chose not to sue – was prohibited from conducting a foreclosure by advertisement pursuant to Mich. Comp. Laws 600.3205a(1)(g) which provides:

> That if the borrower and the person designated under subdivision ©
> do not agree to modify the mortgage loan but it is determined that the
> borrower meets criteria for a modification under section 3205c(1) and
> foreclosure under this chapter is not allowed under 3205c(7), *the
> foreclosure of the mortgage will proceed before a judge instead of by
> advertisement*.

(Emphasis added).  Plaintiff claims that Mitan's circumstances fit within the statute, because he was attempting to obtain a loan modification at the time the foreclosure proceedings were initiated. Therefore, Plaintiff argues that Wells Fargo was required to pursue a judicial foreclosure – not a foreclosure by advertisement – rendering the subsequent Sheriff's sale void *ab initio*.  In support of his argument, Plaintiff cites *Residential Funding Co., LLC v. Saurman*, __ Mich. App. __ , __ N.W.2d __, 2011 WL 1516819 (Docket Nos. 290248, 291443; April 12, 2011).  Plaintiff's argument is not well-taken.

        In *Saurman*, the Michigan Court of Appeals held that Mortgage Electronic Registration Systems ("MERS") could not conduct foreclosures by advertisement where it did not own the underlying notes and, therefore, "MERS' inability to comply with the statutory requirements [of foreclosure by advertisement] rendered the foreclosure proceedings. . .void *ab initio*."  *Saurman*,

__ Mich. App. at slip op. at 11. *See also, Davenport v. HSBC Bank*, 275 Mich. App. 344, 739 N.W.2d 383 (2007) (because the defendant did not own the mortgage or an interest in the mortgage at the time it commenced foreclosure the resulting sale was void *ab initio* rather than voidable).

 *Saurman* and *Davenport* are distinguishable and inapplicable to this case. Here, Plaintiff does not allege that Wells Fargo did not own or have an interest in the underlying note. Clearly, Wells Fargo held the mortgage prior to commencing foreclosure and was, thus, able to comply with the statutory requirements to foreclose by advertisement (Dkt. 12-5, 9). Therefore, even assuming Plaintiff's allegations are true, which Freddie Mac disputes and counters with affidavits attesting that the statute requiring a judicial foreclosure was inapplicable to Mitan's case (Dkt. 12-8), the foreclosure sale to Freddie Mac was simply *voidable* – not void *ab initio*.

 Accordingly, Plaintiff was required to challenge the validity of *Wells Fargo's* foreclosure by advertisement promptly and without delay. *See White v. Burkhardt*, 338 Mich. 235, 239; 60 N.W.2d 925 (1953). Upon the expiration of the redemption period, Plaintiff lost standing to make such a challenge, and this outcome is not altered because Plaintiff filed suit two weeks before the expiration of the redemption period. *Overton*, 2009 WL 1507342, at * 1 (holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of Appeals explained in *Overton*:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by

> advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. (Citations omitted).

*Id*.  In this case, Plaintiff similarly failed to seek a stay of or challenge the foreclosure proceedings conducted by Wells Fargo.  Thus, as in *Overton*, once the redemption period expired on August 2, 2010, Plaintiff lost standing to assert defects in the foreclosure proceedings and/or the sheriff's sale.  This lack of standing precludes all three Counts of Plaintiff's Complaint: Count I – Quiet Title, Count II – Slander of Title, Count III – Injunctive Relief (seeking to enjoin Freddie Mac from taking action based on its Sheriff's deed) and requires dismissal of Plaintiff's lawsuit with prejudice.  It also renders futile Plaintiff's request for leave to amend to add Wells Fargo – more than one year post-redemption.

### III.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Freddie Mac's Motion be **GRANTED**, leave to amend to add Well Fargo be **DENIED** and Plaintiff's lawsuit be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2011

<u>Certificate of Service</u>

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, September 22, 2011, by electronic and/or first class U.S. mail.*

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*
*(313) 234-5542*