UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN,

        Plaintiff,                   CIVIL ACTION NO. 10-13286

                                      DISTRICT JUDGE BERNARD A. FRIEDMAN

   v.

                                      MAGISTRATE JUDGE MARK A. RANDON

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

        Defendant.
                                  /

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND OVERRULING DEFENDANT'S OBJECTIONS

Before the Court is Plaintiff Keith Mitan's ("Mitan") Motion to Compel Discovery and Overrule Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") Objections (Dkt. No. 38). The matter has been fully briefed (Dkt. Nos. 42, 43), and the Court heard oral argument on June 6, 2013.

The primary issue raised in Mitan's motion is straight-forward: can a party object to a request to admit solely because the request seeks an admission or denial related to the conduct of a non-party? This Magistrate Judge answers "no." Therefore, Mitan's motion is **GRANTED**, Freddie Mac's objections are **OVERRULED**, and Freddie Mac is **ORDERED** – *on or before June 21, 2013* – to: (1) file amended answers to Mitan's requests to admit; (2) respond to Mitan's interrogatories (3-9); and (3) produce any documents responsive to his production requests (8-9) that are in its possession or control. If necessary, Mitan may then file supplemental responses to either of the two pending dispositive motions (Dkt. Nos. 39, 40) *on or*

1

*before July 8, 2013.*

## I.  FACTUAL BACKGROUND

This is a consumer lending action. Proceeding *pro se*, Mitan, the Personal Representative of the Estate of Frank J. Mitan, challenges the foreclosure by advertisement of Frank Mitan's home in Farmington Hills, Michigan ("the Property"). The foreclosure was conducted by a non-party, Wells Fargo Home Mortgage ("Wells Fargo"), an assignee of the original mortgage. Freddie Mac purchased the Property at a Sheriff's sale; the redemption period expired six months later.  Mitan waited until just two weeks before the expiration of the redemption period to file this suit against Freddie Mac, only.  He alleges that Wells Fargo foreclosed on the Property, in violation of Michigan's loan modification law; his discovery requests are relevant to this allegation.

## II.  ANALYSIS

Freddie Mac objected to Mitan's requests to admit on the grounds that "[t]he request[s] [are] improper as [they] request[] information regarding the conduct of third parties [Wells Fargo] and do[] not request information within the control of [Freddie Mac]" (Dkt. No. 42-2, pp. 3-4).  These objections were improper.

In answering requests to admit, Federal Rule of Civil Procedure 36(a)(4) and (5) provide:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. *The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.*

> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(Emphasis added).

If these provisions are to be read harmoniously, an objection under subsection 5 cannot be based on a lack of knowledge or information under subsection 4. Otherwise, a party – like Freddie Mac – would be able to avoid the "reasonable inquiry" requirement that accompanies a lack of knowledge or information assertion under subsection 4. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 112 (1991) ("[W]e construe statutes, where possible, so as to avoid rendering superfluous any parts thereof.").

Wells Fargo may have been the decision-maker or received information from Mitan. But, that does not necessarily mean that Freddie Mac lacks knowledge sufficient to admit or deny Mitan's requests about the loan modification. If Freddie Mac does lack knowledge or information about the requests, then it must say so *and* indicate "it has made *reasonable inquiry* and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 34(a)(4) (emphasis added). It cannot avoid this requirement by objection. "Reasonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Taborn v. Unknown Officers*, No. 00 C 652, 2001 WL 138908, at *1-2 (N.D.Ill. Feb. 16, 2001) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y.1997)). A party is not generally required to question unsworn third parties. *Id.* at *2.

Similarly, Freddie Mac's objections to Mitan's follow-up interrogatories are also improper. To the extent that Freddie Mac denied any request to admit, it must provide the basis on which it did so. Last, it must produce the requested documents, if they are in its possession, custody or control.

### III. CONCLUSION

Freddie Mac is **ORDERED** – *on or before June 21, 2013* – to: (1) file amended answers to Mitan's requests to admit; (2) respond to Mitan's interrogatories (3-9); and (3) produce any documents responsive to his production requests (8-9) that are in its possession or control. If necessary, Mitan may then file supplemental responses to either of the two pending dispositive motions (Dkt. Nos. 39, 40) on or before *July 8, 2013*.

**IT IS ORDERED**.

        s/Mark A. Randon
        MARK A. RANDON
        UNITED STATES MAGISTRATE JUDGE

Dated: June 7, 2013

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, June 7, 2013, electronically and/or by first class mail.*

        *s/Eddrey Butts*
        *Case Manager to Magistrate Judge Mark A. Randon*