UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN,

          Plaintiff,                     CIVIL ACTION NO. 10-13286

      v.                            DISTRICT JUDGE BERNARD A. FRIEDMAN

                                MAGISTRATE JUDGE MARK A. RANDON

FEDERAL HOME LOAN MORTGAGE
CORPORATION,

          Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS MOTIONS FOR SUMMARY JUDGMENT AND
MOTION FOR DEFAULT JUDGMENT (DKT. NOS. 39, 40, 55)**

**I.  INTRODUCTION**

This is a mortgage foreclosure case on remand from the Sixth Circuit Court of Appeals.

Plaintiff, the personal representative of the Estate of Frank Mitan, alleges that Wells Fargo – a

non-party – denied Mitan an opportunity to modify his mortgage loan before it foreclosed on his

home, in violation of Mich. Comp. Laws §§ 600.3204 and 600.3205.  Defendant, Federal Home

Loan Mortgage Corporation ("Freddie Mac"), purchased the Property at a sheriff's sale and

played no role in the modification or foreclosure proceedings; the redemption period expired in

2010.  Still, Plaintiff seeks to unwind the foreclosure sale and return the Property to Mitan's

Estate.

After remand, Plaintiff was permitted to engage in discovery.  And, the Michigan

Supreme Court abrogated the primary case upon which the Sixth Circuit relied in its remand

opinion and order: Under *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 114-15, 825

N.W.2d 329 (Mich. 2012), defective mortgage foreclosures are voidable – not void *ab initio*,[1]

and a foreclosure cannot be set aside absent a showing of prejudice (i.e., that Mitan would have

been in a better position to preserve his interest absent Wells Fargo's non-compliance).  Because

Plaintiff has failed to demonstrate that Mitan was financially qualified to receive a modification,

the sale to Freddie Mac is not void.  Therefore, this Magistrate Judge **RECOMMENDS** that

Freddie Mac's Motion for Summary Judgment and for Judgment on the Pleadings (Dkt. No. 39)

be **GRANTED**; Plaintiff's motions, for partial summary judgment (Dkt. No. 40) and for a

default judgment (Dkt. No. 55), be **DENIED**; and, Plaintiff's lawsuit be **DISMISSED WITH**

**PREJUDICE**.

## II.  FACTS AND PROCEDURAL HISTORY

In 1999, Mitan executed a mortgage and note with DiTech Funding Corporation

("DiTech"), as mortgagee, to purchase a home in Farmington Hills, Michigan.  DiTech

subsequently assigned the mortgage to Wells Fargo and an Assignment of Mortgage was

properly recorded. Unable or unwilling to make payments as they became due, Mitan sought to

modify his mortgage loan.  From here, the Sixth Circuit summarized the facts as follows:

> On August 6, 2009, Wells Fargo, via its law firm, sent [] [Mitan] the
> required notice naming the law firm as the designated contact person. []
> [Mitan] responded to the law firm in a timely fashion and requested
> negotiation. The law firm requested documents from [] [Mitan]. From
> here, the factual record becomes muddled. [] [Mitan] apparently never
> returned the documents to the law firm. Instead, he wrote the law firm
> stating that he returned the documents directly to Wells Fargo at Wells
> Fargo's request. [] [Mitan] later wrote the law firm stating that Wells

---

[1]"Void *ab initio*" is defined as "[n]ull from the beginning, as from the first moment when
a contract is entered into." Black's Law Dictionary (9th ed.). "By contrast, 'voidable' is defined
as "[v]alid until annulled; [especially], (of a contract) capable of being affirmed or rejected at the
option of one of the parties." *Kim*, 493 Mich. at 102.

> Fargo had pre-approved him for a loan modification. However, there is a
> letter in the record from Wells Fargo stating that it would not adjust the
> terms of the mortgage because [] [Mitan] had not provided enough
> information.

*Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012).

Before discovery was conducted, Freddie Mac moved for summary judgment, in part, on

the ground that Plaintiff lacked standing to challenge the foreclosure after the redemption period,

which had expired two weeks after he filed suit.  Plaintiff responded that Wells Fargo's failure to

consider Mitan's modification request rendered the foreclosure proceedings void *ab initio* – so

the redemption period never began.  Judge Bernard Friedman adopted this Magistrate Judge's

report and recommendation and entered judgment for Freddie Mac, finding the foreclosure sale

was merely voidable and Plaintiff lacked standing to challenge it post-redemption.  Plaintiff

appealed; the Sixth Circuit reversed, relying heavily on *Davenport v. HSBC Bank USA*, 739

N.W.2d 383 (Mich. Ct. App. 2007).  The Court found that Wells Fargo's alleged failure to

comply with the loan-modification process was a structural defect that made the foreclosure void

*ab initio* and remanded for discovery of certain factual issues. Within days of remand, the

Michigan Supreme Court decided *Kim*.

### III. ANALYSIS

#### A.    *Standard of Review*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material only if it might affect the outcome of the case under the governing law.

*See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).  On a motion for summary

judgment, the Court must view the evidence, and any reasonable inferences drawn from the

evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The Court must determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff").

### B.      *Kim Requires that Plaintiff Show Prejudice*

In *Kim*, the Michigan Supreme Court held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim*, 493 Mich at 115. And, to set aside the foreclosure sale, Plaintiff "must show that . . .[he was] prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, [he] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id*. "Courts in this district have found that a federal court sitting in diversity is bound by the Michigan Supreme Court's reasoning in *Kim*."[2]

_____

[2]Indeed, the Sixth Circuit in denying Defendant's petition for a rehearing in this case noted, "[i]f there has been a change in the law of Michigan, as Freddie Mac now asserts, the district court is of course free to apply the law of Michigan that is in existence at the time of its

*Badger v. Fed. Nat. Mortg. Ass'n*, No. 12-13416, 2013 WL 4805512 (Sept. 9, 2013) (quoting

*Acheampong v. Bank of New York Mellon*, No. 12-13223, 2013 WL 173472, at *7 (E.D. Mich.

Jan. 16, 2013) aff'd ___ F. App'x ___, 2013 WL 5356877 (6th Cir. Sep 26, 2013)).

The end result is this: *Kim* requires that Plaintiff show Mitan would have financially

qualified for a loan modification, assuming Wells Fargo had, in fact, failed to comply with the

statute. Otherwise, Mitan would not have been in a better position to preserve his interest in the

property.  The rationale for this showing was explained in *Jackson Inv. Corp. v. Pittsfield*

*Products, Inc.*, which *Kim* cited with approval:

> By holding that a defect renders a foreclosure sale voidable, rather than
> void, more security is given to the title of real property. Such a holding
> also allows for an examination of whether any harm was caused by the
> defect. In situations where it is evident that no harm was suffered, in that
> the mortgagor would have been in no better position had notice been fully
> proper and the mortgagor lost no potential opportunity to preserve some or
> any portion of his interest in the property, we see little merit in the rule of
> law which Jackson advocates. Such a rule would automatically nullify the
> sale without regard to or consideration of the intervening interests of other
> parties.

162 Mich. App. 750, 756, 413 N.W.2d 99 (Mich. Ct. App. 1987).  Freddie Mac purchased the

property in good faith.  It was not involved in Wells Fargo's activities related to Mitan's

modification request – which preceded its purchase.  Freddie Mac's interest should not be lightly

disregarded.

This Magistrate Judge has carefully reviewed the record and finds that – besides

Plaintiff's conclusory assertion that Mitan met the criteria for modification (Dkt. No. 40, Aff. ¶

---

decision." Dkt. No. 36.

8) – he has presented no evidence that Mitan was financially qualified to receive a modification.[3]

Discovery is closed, and the lack of an opportunity to *apply* for a modification is not prejudicial

absent proof that Mitan would have financially qualified.  Therefore, the sale to Freddie Mac is

not void; the redemption period has expired; and, Plaintiff lacks standing to challenge the

foreclosure, absent a showing of fraud or irregularity – which he failed to plead.[4]  *El-Seblani v.*

*IndyMac Mortg. Servs.*, 510 F. App'x. 425, 428 (6th Cir. 2013) ("Michigan courts allow an

equitable extension of the period to redeem from a statutory foreclosure sale in connection with a

mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit

viable, provided he makes a clear showing of fraud, or irregularity by the defendant.").  "[A]

violation of the loan modification statute, standing alone, is not enough to show fraud or

irregularity." *Acheampong*, 2013 WL 173472, at *8.[5]


### C.      *Plaintiff's Motion for Default Judgment Should Also be Denied*

---

[3]According to Freddie Mac, the loan modification program targets a ratio of the
borrower's housing-related debt to the borrower's gross income of 38% or less. But, this
Magistrate Judge can find no evidence of Mitan's debt to gross income ratio: no proof of Mitan's
gross income from the relevant time period and no proof of his debt load appear in the record.

[4]Given the above analysis, Plaintiff's attempt to amend the Complaint should be denied
as futile.

[5]"Even if [Plaintiff] had provided sufficient evidence to raise a question of material fact,
there is another significant problem with the cause of action. The sole remedy for a violation of
MCL § 600.3205c is conversion of a foreclosure by advertisement into a judicial foreclosure.
Essentially, [Plaintiff is] requesting the Court to convert an already completed foreclosure by
advertisement into a judicial foreclosure. This relief is not provided for by the applicable
statute." *Cloos v. One West Bank*, No. 12-14956, 2013 WL 1875983 (E.D. Mich. May 3, 2013)
(citations omitted).

This Magistrate Judge has reviewed the Defendant's discovery responses ordered by this Court on June 7, 2013 (Dkt. No. 52). Because Defendant's responses fully comply with this Court's order, Plaintiff's motion for entry of a default judgment or, in the alternative, to compel discovery should also be **DENIED**.

## IV.  CONCLUSION

For the reasons indicated above, **IT IS RECOMMENDED** that Freddie Mac's motion (Dkt. No. 39) be **GRANTED**, Plaintiff's motions (Dkt. Nos. 40 and 55) be **DENIED**, and Plaintiff's lawsuit **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

s/Mark A. Randon

Mark A. Randon
United States Magistrate Judge

Dated:  October 1, 2013

### *Certificate of Service*

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 1, 2013, by electronic and/or ordinary mail.

s/Eddrey Butts

Case Manager for Magistrate Judge Mark A. Randon