UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH J. MITAN,

    Plaintiff,                                        Civil Action No. 10-CV-13286

vs.                                                 HON. BERNARD A. FRIEDMAN

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

    Defendant.

_____/

**OPINION AND ORDER ACCEPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is presently before the Court on defendant's motion for summary judgment [docket entry 39], plaintiff's motion for partial summary judgment [docket entry 40], and plaintiff's motion for entry of default judgment, or, in the alternative to compel discovery [docket entry 55]. Magistrate Judge Mark A. Randon has submitted a Report and Recommendation ("R&R") in which he recommends that defendant's motion be granted and that plaintiff's motions be denied. Plaintiff has filed timely objections to the R&R.

This is a "wrongful foreclosure" action with a well known history. The facts, central issues, and procedural posture of the case are correctly summarized in the magistrate judge's R&R as follows:

> In 1999, Mitan executed a mortgage and note with DiTech Funding Corporation ("DiTech"), as mortgagee, to purchase a home in Farmington Hills, Michigan. DiTech subsequently assigned the mortgage to Wells Fargo and an Assignment of Mortgage was properly recorded. Unable or unwilling to make payments as they became due, Mitan sought to modify his mortgage loan. From here, the Sixth Circuit summarized the facts as follows:
>
> On August 6, 2009, Wells Fargo, via its law firm, sent

> [] [Mitan] the required notice naming the law firm as the designated contact person. [] [Mitan] responded to the law firm in a timely fashion and requested negotiation. The law firm requested documents from [] [Mitan]. From here, the factual record becomes muddled. [] [Mitan] apparently never returned the documents to the law firm. Instead, he wrote the law firm stating that he returned the documents directly to Wells Fargo at Wells Fargo's request. [] [Mitan] later wrote the law firm stating that Wells Fargo had pre-approved him for a loan modification. However, there is a letter in the record from Wells Fargo stating that it would not adjust the terms of the mortgage because [] [Mitan] had not provided enough information.

*Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 952 (6th Cir. 2012).

Before discovery was conducted, Freddie Mac moved for summary judgment, in part, on the ground that Plaintiff lacked standing to challenge the foreclosure after the redemption period, which had expired two weeks after he filed suit. Plaintiff responded that Wells Fargo's failure to consider Mitan's modification request rendered the foreclosure proceedings void *ab initio* – so the redemption period never began. Judge Bernard Friedman adopted this Magistrate Judge's report and recommendation and entered judgment for Freddie Mac, finding the foreclosure sale was merely voidable and Plaintiff lacked standing to challenge it post-redemption. Plaintiff appealed; the Sixth Circuit reversed, relying heavily on *Davenport v. HSBC Bank USA*, 739 N.W.2d 383 (Mich. Ct. App. 2007). The Court found that Wells Fargo's alleged failure to comply with the loan-modification process was a structural defect that made the foreclosure void *ab initio* and remanded for discovery of certain factual issues. Within days of remand, the Michigan Supreme Court decided *Kim* [*Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98 (2012)].

\* \* \*

In *Kim*, the Michigan Supreme Court held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim*, 493 Mich at 115. And, to set aside the foreclosure sale, Plaintiff "must show that . . . [he was] prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate

such prejudice, [he] must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id*. "Courts in this district have found that a federal court sitting in diversity is bound by the Michigan Supreme Court's reasoning in Kim." . . .

The end result is this: *Kim* requires that Plaintiff show Mitan would have financially qualified for a loan modification, assuming Wells Fargo had, in fact, failed to comply with the statute. Otherwise, Mitan would not have been in a better position to preserve his interest in the property. The rationale for this showing was explained in *Jackson Inv. Corp. v. Pittsfield Products, Inc*., which *Kim* cited with approval:

> By holding that a defect renders a foreclosure sale voidable, rather than void, more security is given to the title of real property. Such a holding also allows for an examination of whether any harm was caused by the defect. In situations where it is evident that no harm was suffered, in that the mortgagor would have been in no better position had notice been fully proper and the mortgagor lost no potential opportunity to preserve some or any portion of his interest in the property, we see little merit in the rule of law which Jackson advocates. Such a rule would automatically nullify the sale without regard to or consideration of the intervening interests of other parties.

162 Mich. App. 750, 756, 413 N.W.2d 99 (Mich. Ct. App. 1987). Freddie Mac purchased the property in good faith. It was not involved in Wells Fargo's activities related to Mitan's modification request – which preceded its purchase. Freddie Mac's interest should not be lightly disregarded.

This Magistrate Judge has carefully reviewed the record and finds that – besides Plaintiff's conclusory assertion that Mitan met the criteria for modification (Dkt. No. 40, Aff. ¶ 8) – he has presented no evidence that Mitan was financially qualified to receive a modification.[FN3] Discovery is closed, and the lack of an opportunity to apply for a modification is not prejudicial absent proof that Mitan would have financially qualified. Therefore, the sale to Freddie Mac is not void; the redemption period has expired; and, Plaintiff lacks standing to challenge the foreclosure, absent a showing of fraud or irregularity – which he failed to plead.[FN4] *El-Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x. 425, 428 (6th Cir. 2013) ("Michigan courts allow an equitable extension of the period to

3

> redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided he makes a clear showing of fraud, or irregularity by the defendant."). "[A] violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity." *Acheampong*, 2013 WL 173472, at *8.[FN5]
>
> FN3 According to Freddie Mac, the loan modification program targets a ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less. But, this Magistrate Judge can find no evidence of Mitan's debt to gross income ratio: no proof of Mitan's gross income from the relevant time period and no proof of his debt load appear in the record.
>
> FN4 Given the above analysis, Plaintiff's attempt to amend the Complaint should be denied as futile.
>
> FN5 "Even if [Plaintiff] had provided sufficient evidence to raise a question of material fact, there is another significant problem with the cause of action. The sole remedy for a violation of MCL § 600.3205c is conversion of a foreclosure by advertisement into a judicial foreclosure. Essentially, [Plaintiff is] requesting the Court to convert an already completed foreclosure by advertisement into a judicial foreclosure. This relief is not provided for by the applicable statute." *Cloos v. One West Bank*, No. 12-14956, 2013 WL 1875983 (E.D. Mich. May 3, 2013) (citations omitted).

R&R at 2-6 (footnote and some citations omitted).

The magistrate judge concluded that plaintiff's motion for partial summary judgment should be denied and that defendant's motion for summary judgment should be granted. He also found that "[b]ecause Defendant's responses [to plaintiff's discovery requests] fully comply with this Court's order [granting plaintiff's motion to compel discovery, *see* docket entry 55], Plaintiff's motion for entry of a default judgment or, in the alternative, to compel discovery should also be denied." R&R at 7.

The bulk of plaintiff's objections relate to the magistrate judge's conclusion that defendant's supplemental discovery responses adequately complied with his June 7, 2013, order and

that plaintiff was therefore not entitled to a default judgment or another order compelling defendant to answer his discovery requests more fully. The Court rejects this objection. Discovery disputes are nondispositive matters which are referred to magistrate judges for hearing and determination pursuant to 28 U.S.C. ¶ 636(b)(1)(A). A magistrate judge's ruling on a nondispositive matter may be disturbed only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Clear error will lie only when the reviewing court is left with the definite, firm conviction that a mistake has been made." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005). "A decision is contrary to law if the magistrate has misinterpreted or misapplied applicable law." *Jackson v. Town of Caryville, Tenn.*, 2011 WL 4436530, at *3 (E.D. Tenn. Sept. 23, 2011) (internal quotation omitted).

Plaintiff has shown no such error in the magistrate judge's ruling regarding the sufficiency of defendant's discovery responses. For example, in Interrogatory 5(a) plaintiff asked defendant to explain why it would not admit that Frank Mitan qualified for a loan modification. Defendant responded that it could not make the requested admission because "Plaintiff has never provided the borrower's gross income." In Interrogatory 6(a) plaintiff asked defendant why it would not admit that "Wells Fargo's designated agent had access to all communications that Frank Mitan sent directly to Wells Fargo." Defendant responded that "[a]fter reasonable inquiry, the designated agent was never provided any documentation or communication from Wells Fargo that Frank Mitan had provided to Wells Fargo." In Interrogatory 7(a) plaintiff asked defendant to explain why it would not admit that "Wells Fargo never attempted to make the calculation required under . . . § 600.3205c(1)." Defendant responded that "Wells Fargo has never provided the Defendant with any information or documents that would show why it denied Frank Mitan a loan modification." And while plaintiff complains that defendant did not respond to his Interrogatory 3(b), which asked

5

defendant to "[i]dentify each specific item of information which Frank Mitan did not provide to Wells Fargo," the answer is apparent from defendant's answers to plaintiff's other interrogatories, namely, that this information is not in defendant's possession, as it was Wells Fargo, and not defendant, that was involved in the loan modification process. The Court concludes that the magistrate judge's denial of plaintiff's motion to compel defendant to provide more detailed responses to his discovery requests was neither clearly erroneous nor contrary to law. For the same reason, the magistrate judge correctly recommended that plaintiff's motion for default be denied.

The rest of plaintiff's objections revolve around his contention that "Wells Fargo[] failed to comply with the statute because it did not grant a loan modification to a financially qualified applicant." Pl.'s Obj. at 15. This is a critical component of plaintiff's case, as his legal theory is that defendant could not buy the property in foreclose because his lender, Wells Fargo, violated the loan modification statute by failing to give Frank Mitan modified loan terms despite his entitlement to such a modification. As the court of appeals noted,

> The law also affirmatively prohibits foreclosure by advertisement in certain circumstances. These include situations where the designated person has not negotiated with the borrower as requested, where the parties have independently agreed to a loan modification, and where the statutory calculations show that the borrower qualifies for a loan modification. Id. §§ 600.3204(4)(d)–(f).

*Mitan v. Fed. Home Loan Mortgage Corp.*, 703 F.3d 949, 952 (6th Cir. 2012).

As the magistrate judge correctly notes, plaintiff's case fails both on the facts and on the law. As a factual matter, plaintiff has failed to show the existence of a genuine issue as to whether Frank Mitan qualified for a modification of his mortgage loan. In its January 22, 2010, letter to Frank Mitan, Wells Fargo indicated "we are unable to adjust the terms of your mortgage . . . because you did not provide us with all of the information needed within the time frame required

per your trial modification period workout plan." Compl. Ex. A-7. Plaintiff has not shown that Frank Mitan submitted all documents Well Fargo requested or that he qualified for loan modification. Plaintiff's only evidence that Frank Mitan submitted any documents to Wells Fargo is (1) an October 5, 2009, letter to Wells Fargo's agent, Orlans Associates, in which Frank Mitan says only: "Based upon their request, I have submitted the requested information directly to Wells Fargo," Pl.'s Obj. Ex. A-4; (2) Wells Fargo's October 13, 2009, letter to Frank Mitan indicating "we received your request for assistance with your mortgage payment challenges [and] . . . we're reviewing the information you provided . . . ." Pl.'s Obj. Ex. B-1; (3) plaintiff's "supplemental affidavit," in which he avers that Frank Mitan, in response to a January 5, 2010, request from Wells Fargo for "update[d] . . . financial information with supporting documentation within ten days," sent Wells Fargo "his financial information with supporting documentation by Wells Fargo's January 15, 2010 deadline," Pl.s Obj. Ex. B ¶ 4; and (4) plaintiff's "supplemental affidavit," in which he avers that "Frank J. Mitan did provide all of the information to Wells Fargo and there was no trial modification period workout plan." Pl.'s Obj. Ex. B ¶ 7. This evidence, viewed in the light most favorable to plaintiff, establishes only that Mitan provided Wells Fargo with certain unspecified information. The evidence does not establish an issue of fact as to whether Mitan submitted all documentation Wells Fargo requested. Plaintiff has not produced or even described a single document Mitan provided to Wells Fargo.

Nor has plaintiff demonstrated the existence of an issue of fact as to whether Mitan qualified for loan modification. Under the loan modification statute, Mich. Comp. Laws § 600.3205c, a borrower is not eligible for loan modification if his "housing-related debt" (i.e., mortgage principal and interest, property taxes, insurance, and homeowner's fees) exceeds 38% of

his gross income. Plaintiff has produced no evidence showing either Mitan's gross income or his housing-related debt. Plaintiff avers that "[i]f the subject loan had been modified . . . the reduced payment would have been less than 38% of Frank J. Mitan's gross income." Pl.s Obj. Ex. B ¶ 2. However, he provides no supporting documentation for this statement or an explanation as to how he is able to make the statement on personal knowledge. As the magistrate judge correctly notes, the only "evidence" on this question is plaintiff's conclusory statement, which is insufficient to create an issue of fact.

Even if plaintiff had demonstrated that Mitan submitted all documents requested by Wells Fargo (i.e., that Mitan had properly and timely applied for loan modification) and that Mitan qualified for loan modification, his claim would fail because he waited too long to challenge the allegedly improper foreclosure. Defects in the foreclosure process make the foreclosure voidable only, not void *ab initio*. The court of appeals, relying on *Davenport v. HSBC Bank USA*, 275 Mich. App. 344 (2007), reached the opposition conclusion in reversing this Court's grant of summary judgment for defendant. *See Mitan,* 703 F.3d at 952. However, shortly thereafter the Michigan Supreme Court abrogated *Davenport*, finding its "holding was contrary to the established precedent of this Court," and definitively ruled that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 114-15 (2012). If plaintiffs challenging foreclosure can identify a "defect or irregularity" in the foreclosure process, then they may attempt to show that "the foreclosure sale of [their] property is voidable. In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with [the statute]. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property

absent defendant's noncompliance with the statute." *Id.* at 115-16. In addition, a plaintiff challenging foreclosure "must act promptly after he becomes aware of the facts upon which he bases his complaint." *Kuschinski v. Equitable & Central Trust Co.*, 277 Mich. 23, 26 (1936). *See also Day Living Trust v. Kelley*, 2013 WL 2459874, at *9 (Mich. App June 6, 2013) ("Our Supreme Court has repeatedly held that a mortgagor must challenge the validity of a foreclosure by advertisement promptly and without delay.").

In the present case, assuming there was a defect in the foreclosure process due to Wells Fargo's alleged failure to modify Mitan's loan, plaintiff forfeited his right to challenge the foreclosure as voidable by failing to exercise that right "promptly and without delay." The sheriff's sale in this matter took place on February 2, 2010. Plaintiff knew at least two weeks beforehand that the sale would take place on that date. *See* Pl.'s Obj. Ex. A-5 (plaintiff's January 21, 2010, letter to Orlans Associates, referencing "the foreclosure sale notice which was posted on my door last week"). And yet plaintiff took no action to redeem the property or to challenge the foreclosure until he filed the instant state court action on July 19, 2010, at least six months after learning of the impending foreclosure and just two weeks before the redemption period expired. Voiding a foreclosure is an equitable remedy and it is unavailable to a party who delays unduly in seeking relief. *See, e.g., Kim*, 493 Mich. at 121 (Markman, J., concurring); *Kuschinski*; *Lewis v. Citimortgage, Inc.*, 2013 WL 5566703, at *3 (E.D. Mich. Oct. 9, 2013).

Finally, the Court agrees with the magistrate judge's conclusion that plaintiff has not shown that he was prejudiced by Wells Fargo's alleged failure to modify Mitan's loan. To establish prejudice, plaintiff must show that he (or in this case, Mitan) "would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Kim,*

9

493 Mich. at 115-16. As noted above, plaintiff has not begun to make this showing, as he has produced no evidence (other than unsupported conclusions) indicating that Mitan qualified for loan modification. Plaintiff has therefore failed to meet his burden to show that he would have been in a better position to preserve his interest in the subject property if Wells Fargo had deemed Mitan's application complete, as he has not shown the application had a reasonable chance of being granted under the statute's guidelines. Accordingly,

IT IS ORDERED that Magistrate Judge Randon's Report and Recommendation is hereby accepted and adopted as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that defendant's motion for summary judgment [docket entry 39] is granted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment [docket entry 40] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for entry of default judgment, or, in the alternative to compel discovery [docket entry 55] is denied.

Dated: November 1, 2013  
Detroit, Michigan

s/ Bernard A. Friedman_____  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE